**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 1:25-cr-00304** |
| **v.** | ) | |
| | ) | **Judge Jeffrey I. Cummings** |
| **RUKNUDDIN "RICK" CHAROLIA, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT AAMIR ALI ARIF'S *OPPOSED***
**MOTION TO DISMISS THE INDICTMENT**

Pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3), Defendant Aamir Ali Arif respectfully moves this Court to dismiss the indictment as to him in its entirety. The Government opposes this motion.

Mr. Arif respectfully requests a pre-trial, pre-appearance ruling on the threshold questions of jurisdiction, extraterritoriality, and due process. In support thereof, Mr. Arif states as follows:

**INTRODUCTION**

Mr. Arif is a citizen and lifelong resident of Pakistan who has never entered the United States, has never set foot in this District or any other U.S. jurisdiction, and owns no property (real or personal) within the United States. All conduct attributed to him in the indictment occurred entirely in Pakistan.

Through counsel, Mr. Arif now presents his motion to dismiss so that this Court may promptly adjudicate the fundamental questions whether the United States may lawfully prosecute him at all. The Government's attempt to reach wholly extraterritorial conduct violates the presumption against extraterritoriality, exceeds the jurisdictional limits of 18 U.S.C. § 1956(f), and deprives Mr. Arif of due process under the Fifth Amendment. Consistent with *In re Hijazi,* 589 F.3d 401 (7th Cir. 2009), and *United States v. Bescond*, 7 F.4th 127 (2d Cir. 2021), Mr. Arif is entitled to a ruling on these issues before any appearance is required.

## STATEMENT OF FACTS

The following facts are not alleged to the contrary in the indictment:

1. Mr. Arif is a citizen of Pakistan and has been a resident of Pakistan at all relevant times.

2. Mr. Arif has never entered the United States, has never set foot in the Northern District of Illinois (or any other U.S. jurisdiction), and owns no property (real or personal) in the United States.

3. All conduct attributed to Mr. Arif in the indictment occurred entirely outside the territorial jurisdiction of the United States.

4. Prior to the return of the indictment, Mr. Arif did not foresee, and had no expectation, that he might be haled into an American criminal court for any actions taken in Pakistan.

5. The charged conduct is not a crime under Pakistani law.

6. Mr. Arif was lawfully present in Pakistan at the time of the indictment and remains lawfully present there today.

7. The United States has directed INTERPOL to issue a "red notice" regarding Mr. Arif, which operates as a request to all 188 INTERPOL member countries to arrest Mr. Arif if he enters their jurisdiction and, if possible, to extradite him to the United States.

8. As a result, Mr. Arif is effectively unable to travel internationally, including to see family members.

9. There is no extradition treaty between the United States and Pakistan, yet the existence of the red notice and the possibility of discretionary cooperation or transit-country seizure continue to restrict Mr. Arif's freedom of movement.

## ARGUMENT

### I. Mr. Arif Is Entitled to a Pre-Trial, Pre-Appearance Ruling on the Merits of Jurisdiction, Extraterritoriality, and Due Process

This Court has jurisdiction over all offenses against the laws of the United States, 18 U.S.C. § 3231, and a defendant charged with such an offense is entitled to—and must—file a motion alleging a defect in the indictment or in instituting the prosecution before trial. Fed. R. Crim. P. 12(b)(3). Nothing in the Federal Rules or controlling precedent requires Mr. Arif to appear in person before this Court may adjudicate his threshold challenges to the Court's authority to hear the case.

The Seventh Circuit has squarely held that a foreign national who has never entered the United States is entitled to a prompt ruling on the merits of a motion to dismiss the indictment, even in the absence of an extradition treaty or voluntary appearance. *In re Hijazi,* 589 F.3d 401, 407–08 (7th Cir. 2009). In *Hijazi*, the court granted mandamus precisely because the district court had refused to rule on the foreign defendant's jurisdictional and extraterritoriality challenges until he appeared.

The Seventh Circuit emphasized that the defendant was lawfully abroad, had no obligation to travel to the United States, and was entitled to adjudication of whether the United States could lawfully prosecute him at all. *Hijazi, supra,* 589 F.3d at 404–05, 411.

The Second Circuit reached the same conclusion in *United States v. Bescond*, 7 F.4th 127 (2d Cir. 2021). There, the court held that a foreign citizen who "has remained at home abroad, without evasion, stealth, or concealment" cannot be denied a hearing on the merits of her jurisdictional and extraterritoriality challenges. *Id*. at 135–137. The court described disentitlement in such circumstances as "a sanction most severe" that imposes an intolerable burden on the due-process right to defend oneself. *Id*. at 135 (quoting *Degen v. United States*, 517 U.S. 820, 828 (1996)).

Mr. Arif's position is materially identical to that of the defendants in *Hijazi* and *Bescond*. He respectfully requests that this Court follow that controlling and persuasive authority and rule on the merits of this motion without requiring his physical appearance.

## II.   The Court Lacks Jurisdiction Because Mr. Arif's Alleged Conduct Occurred Entirely Abroad (Fed. R. Crim. P. 12(b)(2))

### A. Money-Laundering Conspiracy (§ 1956(h)) No "Conduct in Part in the United States" Under § 1956(f)

For a non-U.S. citizen, 18 U.S.C. § 1956(f) expressly limits extraterritorial jurisdiction. The statute provides that there is extraterritorial jurisdiction over the conduct prohibited by § 1956 only if "(1) the conduct is by a United States citizen or, in the case of a non-United States citizen, the conduct occurs in part in the United States; and (2) the transaction or series of related transactions involves funds or monetary instruments of a value exceeding $10,000."  The indictment alleges that Mr. Arif directed activity from Pakistan. Any movement of funds through U.S. bank accounts is alleged to have been performed by U.S.-based nominees or co-conspirators, not by Mr. Arif personally.

Remote direction or instruction from abroad does not constitute "conduct [that] occurs in part in the United States" when the defendant himself has zero physical presence, zero direct acts, and zero property in the United States. See *United States v. Rafoi-Bleuler* (2021 U.S. Dist. LEXIS 263507; 2021 WL 9884704 S.D. Tex. 2021; *18-19) In *Rafoi-Bleuler* the district court dismissed money-laundering charges against a Swiss national with no U.S. presence because the defendant's own conduct did not occur "in part in the United States." *Id.* 2021 U.S. Dist. LEXIS 263507 at *19

The Government cannot satisfy § 1956(f) by attributing the acts of U.S.-based third parties to Mr. Arif; the statute requires the defendant's own conduct to have a territorial nexus. Because Mr. Arif's alleged conduct was entirely extraterritorial, the money-laundering conspiracy counts must be dismissed for lack of jurisdiction.

## B. Health-Care Fraud Conspiracy
### (Title 18, United States Code §§ 371 and 1347)
### Presumption Against Extraterritoriality

Mr. Arif is charged with violations of Title 18, United States Code §§ 371 and 1347) Neither 18 U.S.C. § 371 (conspiracy to defraud the United States) nor 18 U.S.C. § 1347 (health care fraud) contains any clear statement authorizing extraterritorial application. The Supreme Court has long endorsed a strong presumption against extraterritorial effect of U.S. legislation. *See Morrison v. National Australia Bank Ltd.,* 561 U.S. 247 (2010*); RJR Nabisco, Inc. v. European Community,* 579 U.S. 325 (2016).

This presumption "serves to avoid the international discord that can result when U.S. law is applied to conduct in foreign countries" and reflects the commonsense notion that Congress generally legislates with domestic concerns in mind. *RJR Nabisco, Inc,* 579 U.S. at 335-336. The indictment's generic "and elsewhere" language is insufficient to overcome that presumption. All conduct attributed to Mr. Arif—direction of the HIMS Organization, recruitment of nominees, and coordination of claims—occurred entirely in Pakistan.

Because the statutes lack a clear statement of extraterritorial reach, and because Mr. Arif's alleged acts lack any substantial territorial nexus to the United States, the health-care fraud conspiracy counts must also be dismissed.

## III. Prosecution of Mr. Arif Would Violate the
## Fifth Amendment's Due Process Clause

Even if a statute purported to reach Mr. Arif, the Fifth Amendment independently forbids the exercise of jurisdiction over him. The Due Process Clause protects a defendant's fundamental right to defend himself in court against criminal charges. *Bescond,* 7 F.4th at 135 (citing *Hovey v. Elliott,* 167 U.S. 409 (1897), and *In re Oliver,* 333 U.S. 257 (1948)).

Mr. Arif's situation is indistinguishable from the foreign national in *Bescond.* There, the Second Circuit held that prosecuting (or disentitling) a foreign citizen who "has remained at home abroad, without evasion, stealth, or concealment"

imposes a "most severe" sanction on the due-process right to defend oneself. *Bescond*, *supra* at 135–137. The court emphasized that such a defendant's "innocent residence as a foreign citizen abroad" cannot be transformed into a basis for disentitlement or denial of a hearing on the merits. *Id*. at 136.

Mr. Arif has never been in the United States, owns no U.S. property, and had no reason to foresee that he would be haled into an American criminal court. His presence in Pakistan is not flight — it is his ordinary, pre-indictment residence. The exercise of jurisdiction over him would therefore violate the Fifth Amendment's guarantee of due process. See also *Bescond*, *supra,* 7 F.4th at 136 ("Disentitlement is a sanction most severe" when applied to a foreign national whose only "offense" is remaining at home).

As long as the indictment remains pending, Mr. Arif suffers ongoing prejudice even without traveling to the United States. The United States has directed INTERPOL to issue a "red notice" regarding Mr. Arif, which operates as a request to all 188 INTERPOL member countries to arrest him if he enters their jurisdiction and, if possible, to extradite him to the United States.

This effectively prevents Mr. Arif from traveling internationally, including to see family members. Although there is no extradition treaty between the United States and Pakistan, the red notice and the possibility of discretionary cooperation or transit-country seizure continue to restrict his freedom of movement. Mr. Arif was lawfully in Pakistan at the time of the indictment and remains lawfully present there today. The Government cites no support for the proposition that Mr. Arif has no right to remain in Pakistan and thereby refuse to cooperate with the U.S. proceeding. In fact, the reach of the statutes that Mr. Arif allegedly violated and the district court's authority to command his appearance are precisely the issues Mr. Arif seeks to have resolved.

The Seventh Circuit reached the same conclusion in *Hijazi, supra*. There, a foreign national who had never entered the United States and whose alleged conduct occurred entirely abroad was entitled to a ruling on the merits of his motion to dismiss rather than being forced to appear before the court would consider his

jurisdictional and due-process challenges. *Hijazi*, 589 F.3d at 404–05, 411. The court granted mandamus precisely because the district court's refusal to rule on the motion deprived the defendant of his right to be heard on whether the United States could lawfully prosecute him. *Id.*

Here, the Government seeks to prosecute Mr. Arif for conduct that (1) occurred entirely in Pakistan, (2) had no substantial, direct, and foreseeable effect within the United States beyond the generalized effects of any overseas fraud, and (3) was not reasonably foreseeable to him as subjecting him to U.S. criminal jurisdiction. Under these circumstances, the exercise of jurisdiction would violate the Fifth Amendment's guarantee of due process.

### IV. Mr. Arif Is Entitled to a Pre-Appearance Ruling on the Merits Without Being Required to Appear in Person

Consistent with *Hijazi, supra* and *Bescond*, *supra*, this Court should promptly rule on the merits of this motion without requiring Mr. Arif's physical appearance. Mr. Arif is lawfully present in Pakistan and under no obligation to travel to the United States to litigate threshold jurisdictional and constitutional challenges.

The Government does not have the option, in the absence of Mr. Arif's consent, of proceeding in absentia with the entire proceeding. See *Crosby v. United States*, 506 U.S. 255, 256 (1993) (Fed. R. Crim. P. 43 prohibits the trial in absentia of a defendant who is not present at the beginning of trial). Nothing in *Crosby*, however, rules out what Mr. Arif is asking for: a pre-appearance adjudication of the question whether the statutes in question apply extraterritorially to his situation, as well as the question whether his actions were enough to draw him within the personal jurisdiction of the court.

Mr. Arif respectfully requests that the Court rule on the merits of this motion without requiring his appearance.

## CONCLUSION

For the foregoing reasons, the indictment should be dismissed as to Defendant Aamir Ali Arif in its entirety.

## PROPOSED BRIEFING SCHEDULE

The Parties propose that the Government's response to this motion be filed on or before May 30, 2026, and Mr. Amir's reply to the Government's response be filed on or before July 10, 2026.

Respectfully submitted,

/s/ John J. Muldoon, III

John J. Muldoon, III
Muldoon & Muldoon, LLC
IL Atty. No. 6185878
111 W. Washington Blvd., Suite 1500
Chicago, Illinois, 60602
312-739-3550
jjm@muldoonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on April 11 , 2026, I caused to be electronically filed the foregoing using the CM/ECF system, which will then send a notification of such filing to all registered users

/s/ John J. Muldoon, III

Muldoon & Muldoon, LLC
Illinois Attorney No. 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312 739-3550
jjm@muldoonlaw.com